UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGELIO JOSE DAVILA, JR.,
#77539-380,

      Petitioner,

v.                                            CASE NO. 2:21-CV-10941
                                            HON. NANCY G. EDMUNDS

JONATHAN HEMINGWAY,

      Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

Federal prisoner Rogelio Jose Davila Jr. ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary proceeding and the loss of good time credits. At the time he instituted this action, Petitioner was confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). ECF No. 1. Respondent has filed an answer to the habeas petition contending that it should be dismissed for failure to exhaust administrative remedies and/or denied for lack of merit. ECF No. 7.

### II. Discussion

Petitioner seeks federal habeas relief pursuant to 28 U.S.C. § 2241. He challenges a prison disciplinary proceeding in which he was found guilty of "Conduct which Disrupts ML Use of Drugs" for being high on synthetic marijuana while confined in a federal prison in Texas in 2020. ECF No. 7, PageID.51-53 (citing administrative record). Petitioner was

sanctioned with a loss of 41 days of good time credit, 180 days of phone restrictions, and a $100 fine. *Id*. at PageID.53. In his pleadings, he raises procedural and substantive due process-type claims and seeks restoration of his good time credits. ECF No. 1.

As an initial matter, Respondent contends that the petition should be dismissed because Petitioner has not exhausted his administrative remedies within the Bureau of Prisons. It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-36 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

Petitioner admits that he has not exhausted administrative remedies, but asserts that exhaustion is futile because he cannot get forms at the prison or have them processed. ECF No. 1, PageID.2-3, 7. A prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available, but the United States Court of Appeals for Sixth Circuit requires a prisoner to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations and citations omitted) (discussing exhaustion under the PLRA). The Sixth Circuit has "consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." *Id*. at 224. A prisoner's subjective belief that a procedure is ineffective or futile is not enough to excuse exhaustion. *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006).

The Bureau of Prisons has a multi-tiered administrative grievance process which allows federal prisoners to seek formal review of complaints relating to their confinement.

-2-

*See* 28 C.F.R. §§ 542.10 *et seq.*.  Additionally, the regulations provide that DHO appeals are submitted initially to the Regional Director for the region where the inmate is currently located.  28 C.F.R. §§ 542.14(b)(2).

In this case, Petitioner fails to show that he made an affirmative effort to exhaust administrative remedies.  Rather, he merely alleges that "inmates cannot access the administrative process in the F unit" at FCI-Milan and states that the prison will not provide forms and/or fails to process them.  ECF No. 1, PageID.2-3, 7.  He does not explain what steps, if any, that he took to obtain any necessary forms, to file a handwritten request or grievance, or to otherwise exhaust administrative remedies.  His conclusory allegation that he cannot get forms at the prison or that prison officials will not process them is insufficient to show that exhaustion of administrative remedies is unavailable or futile.  *See, e.g., Otero v. Dove*, 23 F.3d 407 (table), 1994 WL 175771 (6th Cir. May 9, 1994) (affirming summary dismissal of § 2241 petition where federal prisoner did not attempt to exhaust administrative remedies); *Bey v. Pearson*, No. 2007 WL 148775, *2 (W.D. Tenn. Jan. 9, 2007) (conclusory allegation of futility was insufficient to excuse exhaustion and dismissing § 2241 petition); *see also Thetford Prop. IV Ltd. P'ship v. United States Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) (explaining that allowing a petitioner to avoid the administrative process based on a mere conclusory assertion "would allow the futility exception to swallow the exhaustion rule"); *Wright v. Warden, FCI–Cumberland*, 2010 WL 1258181, *1 (D. Md. March 24, 2010) (citing *Thetford* and dismissing § 2241 petition on exhaustion grounds).

Because Petitioner fails to allege facts which show that he attempted to follow the established administrative procedures, but was denied the opportunity to do so, he fails to

demonstrate that exhaustion would be futile.  Petitioner must fully exhaust, or at least attempt to fully exhaust, his administrative remedies before seeking habeas relief under 28 U.S.C. § 2241.  His habeas petition is premature and must be dismissed.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted administrative remedies as to his habeas claims and fails to show that doing so would be futile.  His claims are prematurely brought under 28 U.S.C. § 2241.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241.  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2022